UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| IN RE: | * |
| | *   Case No.: 09-27490-WIL |
| JORGE VICENTE CABRALES | * |
| | *   Chapter 13 |
| Debtor | * |

* * * * * * * * * * * * *

**SECOND MOTION AND NOTICE TO COMPROMISE CONTROVERSY**

Pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019, Nancy Spencer Grigsby, Chapter 13 Trustee, moves this Court to compromise a controversy and states:

1. On September 16, 2009, Jorge Vicente Cabrales (the "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

2. After filing this case, the Debtor was involved in a motor vehicle accident on or about February 24, 2010. As a result, the Debtor sustained personal injury and incurred substantial medical expenses.

3. The Debtor is represented by David W. Kestner, Esq. on this claim for personal injury pursuant to an Order authorizing employment of David W. Kestner, Esq. entered by this Court on January 9, 2013. Mr. Kestner has made a claim for monetary damages against Robert Lill.

4. On or about February 22, 2013, the Trustee was notified that the Debtor received an offer of $9,000.00 as full and final satisfaction of the Debtor's claim for personal injury. This offer comes from USAA, which insures Robert Lill, the individual to whom the Debtor has asserted a personal injury claim as a result of this accident.

5. Given Mr. Kestner's experience in dealing with these types of cases and given the nature of the injury, the treatment and the treatment period, he and the Debtor have determined that this settlement is reasonable and in the best interest of the Debtor. Therefore, the Debtor desires to

accept this offer.

6. Mr. Kestner's fee for representing the Debtor in this personal injury claim is one-third of $9,000.00 (including expenses), which totals $3,000.00.[1] Mr. Kestner has provided services to the Debtor and the bankruptcy estate has benefitted from these services. The Trustee believes that the fee of $3,000.00 is reasonable compensation for actual and necessary services rendered based upon the nature, extent and value of such services, the time spent on such serviced and the cost of services of comparable complexity and demands.

7. After payment of Mr. Kestner's fee, the balance of the settlement proceeds will be forwarded to the Debtor. These funds are entirely exempt as money received on a post-petition claim for non-monetary damages. All post-petition medical bills were paid by PIP and the Debtor suffered no loss of income from this accident. The remaining funds, therefore, are in the nature of pain and suffering.

8. In order to avoid the cost, expense, and risk of further litigation that may delay and/or diminish the disbursement of funds to creditors in this case, the Trustee requests that the Court approve the foregoing compromise of controversy including the requested disbursement of $3,000.00 in attorney fees and $6,000 directly to the Debtor.

WHEREFORE, the Trustee requests that the compromise of controversy between the Debtor, Robert Lill and USAA be approved.

### NOTICE OF MOTION

**NOTICE IS HEREBY GIVEN** that Nancy Spencer Grigsby, Chapter 13 Trustee ("**Trustee**"), is proposing to enter into the foregoing Settlement Agreement ("**Agreement**") in the above-referenced bankruptcy case.

---

[1] The Application to Employ David Kestner was filed at docket 55 and approved by Order of this Court on June 12, 2012 at docket 69.

In resolving this matter with the Trustee has taken into consideration the fact that the Agreement eliminates the costs and risks associated with litigating a Trustee's Complaint. The Trustee believes the Agreement is in the best interests of the estate and creditors alike.

**ANY PARTY IN INTEREST WISHING TO OPPOSE THE AGREEMENT OR ATTORNEY FEES MUST:**

- FILE AN OBJECTION IN WRITING SPECIFICALLY STATING THE FACTUAL AND LEGAL BASIS OF THE OBJECTION
- FILE SUCH OBJECTION WITH THE CLERK, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND, 6500 CHERRYWOOD LANE, SUITE 300, GREENBELT, MARYLAND 20770 **AND**
- SERVE A COPY OF SUCH OBJECTION UPON THE COUNSEL NAMED BELOW WITHIN TWENTY (21) DAYS FROM THE DATE OF THIS NOTICE.

THE COURT MAY, AT ITS OWN DISCRETION, ENTER AN ORDER APPROVING THE SETTLEMENT AGREEMENT IN THE UNDERLYNG BANKRUTPCY CASE WITHOUT SCHEDULING A HEARING, REGARDLESS OF WHETHER OBJECTIONS ARE FILED. PARTIES IN INTEREST WITH QUESTIONS REGARDING THE STIPULATION MAY CONTACT THE TRUSTEE.

                                                Respectfully submitted,

Date:  March 22, 2013          Nancy Spencer Grigsby
                                                Chapter 13 Trustee

                                                By Counsel:

                                                  /s/ Rebecca A. Herr
                                                Rebecca A. Herr, Esq.
                                                Federal Bar No. 29298
                                                4201 Mitchellville Road, Suite 401
                                                Bowie, MD  20716
                                                ngrigsby@ch13md.com
                                                bherr@ch13md.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 25, 2013, the Trustee's <u>Motion to Compromise Controversy</u> and the <u>Notice of Motion</u> were served electronically to those recipients authorized to receive a Notice of Electronic Fling by the Court and/or mailed, first class, postage prepaid, to all creditors of this Bankruptcy Estate on the attached mailing matrix and to the parties listed below:

Jorge Vicente Cabrales
3000Gazebo Court
Silver Spring, MD  20904
*Debtor*

David W. Kestner
5849 Allentown Rd.
Camp Springs, MD  20746
*Debtor's Counsel*

All Creditors on the Attached Mailing Matrix

                                                              /s/ Rebecca Herr
                                                            Rebecca Herr